UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HIN Y. LIMTUNG,

                Plaintiff,

  - against -

PETER S. THOMAS, *et al*.,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER
TO SHOW CAUSE**
19-CV-3646 (RRM) (SJB)

ROSLYNN R. MAUSKOPF, United States District Judge.

      On June 21, 2019, plaintiff Hin Y. Limtung filed this *pro se* action, alleging that defendants engaged in a conspiracy to fraudulently foreclose on his mortgage in violation of his constitutional rights. Although Limtung paid the filing fee to commence this action, he is hereby ordered to show cause in writing by December 11, 2019, why the Court should not dismiss this action *sua sponte* for lack of subject-matter jurisdiction. *See* FED. R. CIV. P. 12(h)(3). If Limtung fails to show cause in writing within the time allowed or fails to seek an extension of time to do so, this action will be subject to dismissal.

## BACKGROUND

      The following facts are drawn from the complaint and its attachments unless otherwise noted. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The Court accepts all factual allegations in the complaint as true, "drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (internal quotation marks omitted) (citation omitted).

      On August 6, 2007, defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a foreclosure action against Limtung in the Supreme Court of the State of New York, Queens County, in connection with a mortgage secured by real property located at 31-70 Crescent Street

in Astoria, New York. (Am. Compl. (Doc. No. 7) at ¶¶ 18, 19.) Wells Fargo moved for a judgment of foreclosure and sale, which the state court granted on May 5, 2014. (*Id*. at ¶¶ 23, 68.) Limtung attaches to his amended complaint the order of New York State Supreme Court Justice Kevin Kerrigan, which notes that the motion for a judgment of foreclosure and sale was unopposed. (*Id*. at 54.)

On April 22, 2009, Justice Kerrigan appointed a referee to calculate the amount Limtung owed Wells Fargo. (*Id*. at ¶ 24.) According to Limtung, the referee found that Wells Fargo engaged in fraud, that Limtung was not in default, and that Wells Fargo was not the holder of the note and mortgage encumbering the property. (*Id*. at ¶¶ 26, 27, 29.) Upon an *ex parte* motion of defendants, however, that referee was replaced by defendant Peter S. Thomas. (*Id*. at ¶ 71.) Thomas' report concluded that Limtung owed Wells Fargo in excess of $1 million. (*Id*. at ¶ 36.)

On January 8, 2016, Limtung filed an action in this Court, alleging that many of the same defendants named in this action engaged in a fraudulent criminal enterprise to foreclose on his mortgage. *See Limtung v. Steven J. Baum, P.C., et al.*, 16-CV-100 (RRM) (SJB). On June 26, 2017, this Court granted defendants' motions to dismiss the complaint, finding, *inter alia*, that Limtung failed to plead with sufficient particularity his claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. *See id*., Doc. No. 52; *see also* FED. R. CIV. P. 9(b). Limtung's motions to amend the complaint were subsequently denied, and judgment was entered against him on March 20, 2019, in part because the Court found his allegations of conspiracy conclusory.[1] *See* Doc. No. 73.

On June 19, 2019, Thomas transferred the deed to the property on Crescent Street to

---

[1] A motion for reconsideration is pending in *Limtung v. Steven J. Baum, P.C., et al.*, 16-CV-100 (RRM) (SJB).

defendant 3170 Crescent LLC. (Am. Compl. at ¶ 45.) Two days later, Limtung filed this action on June 21, 2019, asserting claims against various individuals and entities involved in the foreclosure of the property. On July 11, 2019, Limtung filed an amended complaint, invoking the Court's federal jurisdiction pursuant to "a federal question arising under 18 U.S.C. § 1980." (*Id*. at ¶ 13.) The amended complaint names fourteen defendants: (1) Peter S. Thomas, (2) 3170 Crescent LLC, (3) Wells Fargo Bank, N.A., (4) Steven J. Baum, P.C., (5) Doonan, Graves & Longoria, LLC, (6) Margolin & Weinreb Law Group, LLP, (7) EMC Mortgage, (8) Wilmington Savings Fund Society, FSB "not in its individual capacity but solely as Trustee of the Primestar-F Fund I Trust," (9) Wilmington Savings Fund Society, FSB "not in its individual capacity but solely as Trustee of the Primestar-H Fund I Trust," (10) Selene Finance LP, (11) Wells Fargo Bank, N.A., "not in its individual or banking capacity, but solely as trustee for SRMOF II 2011-1 Trust, its successor and assigns," (12) Jane Doe-1 through 4, (13) Richard Roe-1 through 4, and (14) Unknown Trust 1 through 4.

In the amended complaint, Limtung alleges, among other things, that defendants procured the referee's report, judgment, and sale through fraud; that Thomas failed to hold a mandatory hearing; and that defendants fraudulently transferred the property through a public auction without notice to Limtung. (*See id*. at ¶¶ 18, 36, 37, 45.) The amended complaint asserts four causes of action. First, Limtung brings a claim under 42 U.S.C. § 1983, alleging that defendants engaged in a conspiracy to violate his right to due process of law, to access the court, and to petition the government under the First, Fifth, and Fourteenth Amendments of the United States Constitution. (Am. Compl. at 11–21.) Second, Limtung alleges that defendants Thomas, Margolin & Weinreb Law Group, LLP, and 3170 Crescent LLC engaged in a conspiracy to

3

defraud him.  (*Id*. at 21–26.)  Third, he asserts that various defendants conspired to defraud the New York State Supreme Court, Queens County.  (*Id*. at 26–30.)  Finally, Limtung's fourth cause of action seeks a declaratory judgment finding, *inter alia*, that the sale of his property is "illegal and null and void ab initio."  (*Id*. at 30–34.)  Limtung alleges that he is entitled to at least $2 million in compensatory damages, as well as sanctions.  (*Id*. at 36.)

Several defendants have moved for leave to dismiss the amended complaint.  (*See* Docs. No. 8, 11, 18, 14, 24.)  However, as explained below, the Court has an independent obligation to evaluate whether it has subject-matter jurisdiction over this case, regardless of the pendency of those motions.  The Court, acting *sua sponte*, finds that Limtung – who alleges only the violation of a non-existent section of Title 18 of the United States Code – has not stated a proper basis for subject-matter jurisdiction.  Accordingly, for the reasons set forth below, Limtung is ordered to show cause why this action should not be dismissed for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

## STANDARD OF REVIEW

The Court construes Limtung's pleading liberally, as documents filed by *pro se* litigants must be "held to less stringent standards than formal pleadings drafted by lawyers."  *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted) (citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Still, while courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (internal quotation marks omitted) (citations omitted), a complaint must plead enough facts, "accepted as true, to state a claim to relief that is plausible on its face."  *Cohen v. Rosicki,*

4

*Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (internal quotation marks omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal courts "have an independent obligation" to evaluate whether they have subject-matter jurisdiction over a case, "even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Subject-matter jurisdiction "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). The subject-matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented, 28 U.S.C. § 1331, or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks omitted) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## DISCUSSION

### I. Failure to Adequately Allege Subject-Matter Jurisdiction

Limtung invokes federal question jurisdiction, relying on "18 U.S.C. § 1980," but there is no section 1980 in Title 18; the statute simply does not exist. Moreover, Title 18 of the United States Code encompasses laws on crimes and criminal procedure, and there is no private right of action for violations of a criminal statute. *See Nath v. Select Portfolio Servicing, Inc.*, 732 F. App'x 85, 87 (2d Cir. 2018) (summary order) ("[N]o private right of action exists under criminal statutes absent an indication that Congress intended to create such a private right of action . . . ." (citations omitted)); *Hill v. Didio*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (summary order) ("As

5

a general matter, we have long recognized that crimes are prosecuted by the government, not by private parties." (citation omitted)). Accordingly, the Court does not appear to have federal question jurisdiction over this action.

In light of Limtung's *pro se* status, the Court has also considered whether it may preside over his claims on the basis of diversity jurisdiction. However, it appears that Limtung and multiple defendants are domiciled in New York, and thus, it is impossible for Limtung to proceed on this basis because diversity jurisdiction requires complete diversity. *See Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117–18 (2d Cir. 2014) (28 U.S.C. § 1332 "requires 'complete diversity,' *i.e.*, all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)).

Given that the only law Limtung cites in support of federal question jurisdiction does not exist, Limtung fails to allege a viable basis for subject-matter jurisdiction. Limtung is therefore ordered to show cause in writing why this action should not be dismissed for lack of subject-matter jurisdiction.

## II.    *Rooker-Feldman*

Even if Limtung could allege a basis for federal question jurisdiction, the Court would lack jurisdiction to review and reverse the state-court judgment, as Limtung appears to request. Under the *Rooker-Feldman* doctrine, federal courts generally lack subject-matter jurisdiction over claims that seek review of adverse state-court judgments. *See Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 416 (1923); *see also Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

6

U.S. 280, 283–84 (2005))). *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Specifically, the doctrine advises federal courts to abstain from considering claims when four requirements are met:

> (1) the federal-court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state-court judgment, (3) the plaintiff must invite district court review and rejection of that judgment, and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

*Sung Cho v. City of New York*, 910 F.3d 639, 645 (2d Cir. 2018) (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

Courts in the Second Circuit have repeatedly held that an attack on a state court's judgment of foreclosure is barred by *Rooker-Feldman*. *See e.g.*, *Worthy-Pugh v. Deutsche Bank Nat'l Tr.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) (finding that a district court lacks jurisdiction to void a judgment of foreclosure); *Vossbrinck*, 773 F.3d at 427 ("To the extent Vossbrinck asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars Vossbrinck's claim."); *Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172 (MKB), 2019 WL 4393662, at *4 (E.D.N.Y. Sept. 13, 2019); *Javier v. MTGLQ Inv'rs, L.P.*, No. 19-CV-2555 (AMD) (LB), 2019 WL 1981040, at *2 (E.D.N.Y. May 2, 2019); *Murphy v. Riso*, No. 11-CV-0873 (JFB) (ARL), 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (collecting cases finding a lack of subject-matter jurisdiction where plaintiffs challenged judgments of foreclosure allegedly obtained by fraud).

Here, all four elements of the *Rooker-Feldman* doctrine appear to be satisfied. After

Limtung lost a foreclosure action in state court, he filed this federal lawsuit years later, seeking to reverse the state court's adverse judgment. The injury he complains of in this suit – the loss of his property – was caused by the judgment of the state court. He explicitly seeks declaratory relief asking the Court to deem the judgment of foreclosure void, and he implicitly seeks injunctive relief vacating the state court's decision. Limtung's allegations of fraud – specifically that Wells Fargo never owned the mortgage and that he was not in default – invite this Court to review the state court's decision.

Even if Limtung successfully alleges a basis for subject-matter jurisdiction, this Court would decline his invitation to overturn the state court's ruling, as *Rooker-Feldman* clearly prevents the Court from intervening in such a manner. In fact, the Court previously declined to do so when Limtung requested the same exact relief in another case concerning a different property. *See Lim Tung v. Deutsche Bank Tr. Co., et al.*, 19-CV-5445 (RRM) (SJB). If a final judgment was entered against Limtung in state court, *Rooker-Feldman* precludes him from asking this Court to vacate that judgment. Limtung is thus further ordered to show cause in writing why his claims for declaratory and injunctive relief should not be dismissed for lack of subject-matter jurisdiction under *Rooker-Feldman*.

**III.     *Res judicata***

To the extent Limtung seeks damages based on an injury not caused by the state court's judgment, *Rooker-Feldman* may not bar those claims. Where a plaintiff does not "seek to undo the state court judgment . . . but merely seeks damages based on Defendants' alleged independent wrongful conduct," *Rooker-Feldman* does not necessarily apply. *Toohey v. Portfolio Recovery Assocs., LLC*, No. 15-CV-8098 (GBD), 2016 WL 4473016, at *4 (S.D.N.Y.

8

Aug. 22, 2016); *see also Worthy-Pugh*, 664 F. App'x at 21 ("The Rooker-Feldman doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment." (citation omitted)); *Hylton v. J.P. Morgan Chase Bank, N.A.*, 338 F. Supp. 3d 263, 275–76 (S.D.N.Y. 2018) (observing that the Second Circuit has distinguished between "actions seeking a return of title – which would require review of a foreclosure action – and those seeking damages" for fraud).

Still, even if any of Limtung's claims for damages overcome the jurisdictional bar of *Rooker-Feldman*, they are likely barred by the application of *res judicata*. A district court may invoke the doctrine of *res judicata sua sponte*. *See Jones v. Safi*, No. 10-CV-2398 (JS) (ARL), 2012 WL 4815632, at *3 (E.D.N.Y. Oct. 3, 2012) (citing, *inter alia*, *O'Connor v. Pierson*, 568 F.3d 64, 68 n.2 (2d Cir. 2009)), *aff'd sub nom. Jones v. City of New York Agencies*, 550 F. App'x 67 (2d Cir. 2014). Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998). *Res judicata* requires a showing that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Thomas v. N.Y.C. Dep't of Educ.*, 938 F. Supp. 2d 314, 331 (E.D.N.Y. 2013) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)). The concept of *res judicata* bars "claims arising out of the same transaction or series of transactions . . . even if based upon different theories or if seeking a different remedy." *Simmons v. Trans Express Inc.*, 355 F. Supp. 3d 165, 172

9

(E.D.N.Y. 2019) (appeal filed) (citation omitted).

As noted above, Limtung previously filed an action in 2016 concerning the same foreclosure action that is the subject of this case. *See Limtung v. Steven J. Baum, P.C., et al.*, 16-CV-100 (RRM) (SJB). Although Limtung names some new defendants and asserts distinct causes of action in the case before the Court, his allegations of a fraudulent conspiracy appear to remain unchanged from those asserted in the 300-page complaint dismissed in *Limtung v. Steven J. Baum, P.C.* Limtung had the opportunity to litigate any claims related to the alleged fraud scheme in his prior case. Unless Limtung can identify issues that could not have been raised in the prior action, *res judicata* bars him from relitigating claims arising out of the same transaction, in an apparent attempt to obtain a second bite at the apple. Limtung is thus ordered to show cause why *res judicata* does not bar this action in its entirety.

## CONCLUSION

For the reasons stated herein, Limtung is hereby, ORDERED to show cause, in a writing filed on or before December 11, 2019, why this action should not be dismissed for lack of subject-matter jurisdiction and because it is barred by *res judicata*. If Limtung fails to show cause in writing within the time allowed or fails to request an extension of time to do so, this action will be subject to dismissal without further notice. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to Show Cause to Limtung by overnight mail, and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      November 21, 2019

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge